Alexander v Annarumma (2018 NY Slip Op 07695)





Alexander v Annarumma


2018 NY Slip Op 07695


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2016-04676
 (Index No. 701463/14)

[*1]Barbara Alexander, appellant,
v
Raffaele Annarumma, respondent.


Mallilo & Grossman, Flushing, NY (Joanna J. Lambridis of counsel), for appellant.
Bruno, Gerbino & Soriano, LLP, Melville, NY (Mitchell L. Kaufman and Nathan Shapiro of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries and injury to property, the plaintiff appeals from an order of the Supreme Court, Queens County (Howard J. Lane, J.), entered April 20, 2016. The order, insofar as appealed from, upon renewal and reargument, adhered to a prior determination in an order of the same court entered October 22, 2015, granting the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order entered April 20, 2016, is reversed insofar as appealed from, on the law, with costs, upon renewal and reargument, the order entered October 22, 2015, is vacated, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff and the defendant were involved in a motor vehicle collision in Queens. The plaintiff commenced this action to recover damages, among other things, for personal injuries. In the bill of particulars, the plaintiff alleged, inter alia, an injury to the cervical region of her spine
.
The defendant moved for summary judgment dismissing the complaint on the ground, among other things, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In support of the motion, the defendant submitted the affirmed report of an orthopedic surgeon who measured the range of motion of the cervical region of the plaintiff's spine using a goniometer, compared those results with what would be considered
normal range of motion, and found the results to be normal. The defendant further submitted the affirmed report of a neurologist who measured the range of motion of the cervical region of the plaintiff's spine using a goniometer, and compared those results with what would be considered normal range of motion. He noted deficits of up to 50%.
In an order entered October 22, 2015, the Supreme Court granted the defendant's motion for summary judgment dismissing the complaint. The plaintiff then moved for leave to renew or reargue her opposition to the defendant's motion for summary judgment. In an order entered April 20, 2016, the court granted leave to renew and reargue, and, upon renewal and reargument, adhered to its original determination.
In support of her motion for summary judgment dismissing the complaint, the defendant failed to meet her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The papers submitted by the defendant failed to eliminate triable issues of fact regarding the plaintiff's claim, set forth in the bill of particulars, that she sustained a serious injury to the cervical region of her spine under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614).
Since the defendant did not sustain her prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff—either in opposition to the defendant's original motion or in support of that branch of the plaintiff's motion which was for leave to renew her opposition to that motion—were sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Therefore, the Supreme Court, upon renewal and reargument, should have vacated the order entered October 22, 2015, which granted the defendant's motion for summary judgment dismissing the complaint, and thereupon, denied that motion.
DILLON, J.P., ROMAN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court